Argued November 18, 1974, affirmed January 20, 1975

HAVILAND HOTELS INC. (No. 3583), *Petitioner,*
*v.* OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*

530 P2d 1263

*Paul W. Haviland,* Medford, argued the cause for petitioner. On the brief was Maxwell Donnelly, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

Petitioner, Haviland Hotels, Inc., seeks judicial review of an order of the Oregon Liquor Control Commission (OLCC) suspending its Class B dispenser's license for five days, or a fine in the amount of $750 in lieu of suspension.

Petitioner makes two assignments of error: (1) the evidence fails to support the OLCC's finding of fact; and (2) the evidence shows a deliberate attempt by the OLCC to harass petitioner and to apply a different standard of law enforcement to petitioner.

The essential facts are as follows:

On September 20, 1973, at approximately 9:35 p.m., two inspectors for the OLCC entered the "Interlude Lounge" of the Park Haviland Hotel and seated themselves at the bar. They each ordered a beer and observed 15 to 18 customers in the bar area. The inspectors remained on the premises for approximately 55 minutes and observed that the bartender gave each customer a clean glass for the initial drink but that he served additional drinks to each customer in the original glasses without first washing and sanitizing them. The inspectors left at approximately 10:30 p.m. at the direction of their office to assist Portland police elsewhere. Neither of the inspectors identified himself or made contact with anyone while at the hotel. A notice of violation of OLCC regulations was issued the next day and delivered by the district inspector on September 24, 1973.

A hearing was held concerning the violation of September 20, 1973, and the OLCC, after reviewing the entire record of the hearing, entered findings of fact, conclusions of law and final order on June 25, 1974. In its conclusions of law the OLCC found that the petitioner is responsible for the acts of its employes pursuant to Oregon Administrative Rules, ch 845, § 10-075, and that its employe "* * * failed to wash and sanitize glassware used in serving or dispensing of alcoholic liquor in proper manner after each use, in violation of OAR Chapter 845 10-250 * * *."

██ Petitioner's contention that the evidence fails to support the OLCC's findings of fact is without merit. The finding is supported by "reliable, probative and substantial" evidence and meets the test established by ORS 183.480 (7)(d). We are therefore bound by the finding of the OLCC. *Palm Gardens v. OLCC*, 15 Or App 20, 514 P2d 888 (1973), Sup Ct *review denied* (1974) ; *Blank v. Black*, 14 Or App 470, 512 P2d 1016 (1973), Sup Ct *review denied* (1974).

Petitioner also contends that the OLCC has adopted a policy of deliberately harassing it and applying a different standard of law enforcement to it. Petitioner points to nothing in the record which evidences such a policy. While there was evidence that one of the inspectors involved had never issued a citation for such a violation prior to citing the Haviland Hotels, the same witness also testified that the violation by the petitioner was the most flagrant violation he had ever witnessed.

Affirmed.