Argued January 18, affirmed February 8, 1977

WHEELER et al, *Petitioners,*
*v.*
OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*
(CA 6800)
559 P2d 1328

Donald P. Roach, Portland, argued the cause for petitioners. With him on the brief was W. F. Whitely, Portland.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

[ 455 ]

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Petitioners appeal an order of the Oregon Liquor Control Commission (OLCC) suspending their retail liquor license for permitting a visibly intoxicated person to enter or remain on the premises. (OAR 845-10-065(3).) They make three assignments of error. (1) The commission's findings of fact do not constitute "permitting" as a matter of law, (2) there is not substantial evidence to support the findings of fact and conclusions of law, and (3) the order is arbitrary in that the applicable regulations are applied in a subjective and ad hoc manner.

The commissioner's final order reads as follows:

### "FINDINGS OF FACT

"Glenda D. Rico and Peggy L. Wheeler (licensees) were issued a Retail Malt Beverage license in the trade name 'Seven Seas Tavern', 302 N. W. 6th, Portland, Oregon (licensed premises). On November 13, 1975, at the approximate time of 9:45 p.m., Officer Larry R. Kanzler of the Portland Police Bureau observed Itsy Garcia in the Seven Seas Tavern and observed that she was visibly intoxicated as evidenced by her loud speech, staggering walk, and by the smell of alcoholic beverage on her person. Ms. Garcia left the premises briefly when Officer Kanzler did. She returned to the premises, however, despite Officer Kanzler's admonition not to do so. When he observed her inside again in a visibly intoxicated condition, he instructed Licensee Rico to remove her from the premises, but Ms. Rico did not eject her. Officer Kanzler observed Ms. Garcia on the premises for approximately three minutes."

The OLCC regulation which was the basis of the commission's action provides:

"No licensee shall permit any visibly intoxicated person to enter or remain upon his licensed premises or to consume alcoholic beverages." Oregon Administrative Rules, ch 845, § 10-065(3).

The word "permit" in the regulation, petitioners argue, is synonymous with consent and embraces the concept of knowledge. We read the commission's order

[ 457 ]

as finding licensee Rico knew customer Garcia was in the premises and in an intoxicated condition, as a matter of law the findings of fact and conclusions of law are sufficient.

■ The second assignment of error likewise must fall. There was conflicting evidence concerning the incident and consequently substantial evidence. Petitioners' principal disagreement is with the commission's interpretation of the evidence and disregard of mitigating circumstances proffered by petitioners. We do not substitute our judgment of the evidence for that of the commission. We may disagree with the conclusions drawn but are bound to uphold an order supported by substantial evidence. *McCann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976), Sup Ct review denied (1977).

There is no substance to the third assignment of error.

Affirmed.