Argued and submitted August 26, affirmed December 21, 1981

AINSWORTH,
*Petitioner,*

*v.*

OREGON LIQUOR CONTROL
COMMISSION et al,
*Respondents.*

(CA A20119)

637 P2d 936

David V. Gilstrap, Ashland, argued the cause for petitioner. With him on the brief was Davis, Ainsworth, Pinnock & Davis, P.C., Ashland.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent Oregon Liquor Control Commission. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Michael D. Henderson, Grants Pass, argued the cause and filed the brief for respondent Michael D. Henderson, pro se.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

PER CURIAM.

**PER CURIAM.**

Petitioner seeks judicial review of an order of respondent Oregon Liquor Control Commission adopting the hearings officer's findings and conclusions and granting respondent Michael Henderson, dba Murphy's Tavern, a Retail Malt Beverage License. We have examined each of petitioner's five contentions as provided for in ORS 183.482(7)-(8) and find no reversible error.

As we said in *Wheeler v. OLCC,* 28 Or App 455, 559 P2d 1328 (1977), we do not substitute our judgment of the evidence for that of the commission. Although a reviewing court may disagree with conclusions drawn by the commission, the court is bound to uphold its order where it is supported by substantial evidence. *Accord: Haviland Hotels v. OLCC,* 20 Or App 120, 530 P2d 1263 (1975). Where none of the grounds enumerated in ORS 183.482(7)-(8) are shown on review, and where a rational basis existed for the commission's order, there is nothing more for this court to review.

Affirmed.